## Commonwealth v. Barnhart

*B. L. Haag*, for Commonwealth.
*Henry M. Hipple*, for defendant.

RHONE, J., twenty-ninth judicial district, specially presiding, January 30, 1939.—Defendant in this case was arrested and charged with violation of section 701 and section 706 of The Game Law of June 3, 1937, P. L. 1225. After trial before an alderman in the City of Lock Haven, defendant was convicted of violation of The Game Law as indicated and was sentenced to pay a fine of $100 and costs of suit, and in default thereof to be committed to the Clinton County Jail for a period of 109 days. The conviction was recorded December 5, 1938.

On December 9, 1938, a petition was presented to the associate judges of Clinton County, addressed to the court of quarter sessions, containing the following prayer:

"Therefore your petitioner prays the special allowance of an appeal to the Court of Quarter Sessions of Clinton County, Pennsylvania, from said conviction and the issuance of a writ of certiorari directed to T. Mark Brungard, alderman, commanding him to deliver to your honorable court the record of the proceedings informing him of said cause in order that said conviction and imposition of said sentence may be reviewed de novo by this court."

Upon this petition the associate judges made the following order:

"And now, December 9, 1938, the within writ of certiorari is hereby allowed as within prayed for. The clerk is directed to issue the same.

By the court,<br>
CHARLES DUHN,     A. J.<br>
JAMES F. BRIDGENS, A. J."

On January 23, 1939, the district attorney filed a motion to quash the writ of certiorari issued in this case, alleging his reasons therefor:

"1. That the said writ of certiorari was improvidently issued.

"2. That the Court of Quarter Sessions of Clinton County has no jurisdiction to review the proceedings before the alderman in this case, as such jurisdiction is only in the court of common pleas, under article V, section 10, of the Constitution of Pennsylvania.

"3. That the affidavit made by defendant in the petition for this writ of certiorari was improperly taken before a notary public."

In view of the position the court takes in this matter, we will only consider the second reason assigned in the motion to quash the writ.

Article V, sec. 10, of the Constitution of Pennsylvania provides:

"The judges of the courts of common pleas, within their respective counties, shall have power to issue writs of

*certiorari* to justices of the peace and other inferior courts not of record, and to cause their proceedings to be brought before them, and right and justice to be done."

No jurisdiction is conferred upon the court of quarter sessions to issue writs of certiorari to justices of the peace or aldermen. The jurisdiction of the court of common pleas is exclusive.

The contention of defendant is that power and authority is conferred upon the courts of quarter sessions of Pennsylvania to issue writs of certiorari in cases where conviction is had upon an alleged violation of The Game Law, supra, sec. 1210.

It is provided in section 1210 as follows:

"Any person convicted of violating any of the provisions of this act may enter into good and sufficient recognizance to pay the fine imposed and costs within a period of ten days after the date of his conviction, or may certiorari or appeal the proceedings within five days after such conviction to the court of quarter sessions of the county in which convicted."

When this matter was brought to the attention of the court for argument, the court suggested to counsel for defendant that no power or authority is vested in the court of quarter sessions to issue a writ of certiorari to the justices of the peace, and that if he contended that the power and authority was contained in this particular section of The Game Law of 1937 the same would be declared unconstitutional:

1. Because the exclusive power to issue writs of certiorari to justices of the peace and other magistrates is lodged in the court of common pleas by the citation above recited.

2. There is no notice in the title to this act that the law relating to the issuing of certiorari was to be amended, or that any additional jurisdiction was to be conferred upon the courts of quarter sessions.

The court further suggested to counsel for defendant that in view of the prayer contained in the petition the

court might, notwithstanding the fact that a certiorari was awarded, consider the proceeding as upon appeal. This because the prayer is, "Prays the special allowance of an appeal to the Court of Quarter Sessions of Clinton County, from said conviction" and "for the issuance of a writ of certiorari." However, counsel for defendant stated to the court that they stood squarely upon their right of certiorari, because the certiorari was the thing he wanted to present to the court and not an appeal.

In Commonwealth v. Garovitz, 64 Pitts. 648, 34 Lanc. 21, the court held that the court of quarter sessions has no jurisdiction to issue a writ of certiorari to any justice of the peace in any case. And it was decided in Wilt et al. v. Philadelphia & Lancaster Turnpike Co., 1 Brewst. 411, that a writ of certiorari may issue from the court of common pleas where a new jurisdiction is conferred upon magistrates, and the proceeding is summary.

It might be said in passing that this court is of the opinion that the provisions of section 1210 of The Game Law do not necessarily imply that the right to issue a writ of certiorari in this case is conferred upon the court of quarter sessions. The section in question confers three distinct rights upon defendant:

1. He may enter into good and sufficient recognizance to pay the fine imposed and costs within a period of ten days after the date of his conviction;

2. Or he may certiorari;

3. Or he may appeal the proceeding within five days to the court of quarter sessions upon allowance.

We have a right to assume that the legislature knew that, in case he did choose the second remedy, to wit, procure a certiorari, he would apply to the right court for that writ. It is the duty of the court to so construe this act that all its provisions may be sustained; and so this court concludes that this particular provision of the Act of 1937 does not in terms confer upon the court of quarter sessions the right to issue a certiorari in such cases. For

the reasons herein set forth, the motion of the district attorney to quash this certiorari will be granted.

## Order

Now, January 30, 1939, for the reasons set forth in the opinion this day filed in this case, the motion of the district attorney to quash the writ of certiorari now before the court is granted; the writ is quashed and the record sent up by the alderman who heard the case is remitted to him for the purpose of execution.